Judge Logan
delivered the opinion of the court.
Martha Bowen, the appellee, filed her caveat against the emanation of a grant to Forbis, the appellant, for 75 acres of land, lying in the county of Barren; to a part of which she asserts the superior right as an actual settler, under the laws passed February and December, 1815.
By tile former of those acts, persons desiring to appropriate lands, might, upon paying at the rate of <¡¡¡20 an hundred acres, procure from the register of the land office a warrant authorising the surveyor to survey that quantity; with a proviso, giving the preference tq actual settlers un- *408 ti| the first of January, 1816: but which required'of tiiS set^er the production of a certificate from the circuit of county court, that the court had been satisfied, by disinterested and creditable testimony, that the claimant was án actual settler upon the land which he was about to appro-, priate. .
liv the act of Feb. 1815, (session acts 398')8and the act of Dec. Í815,(session acts of first settler was desUpietl tobepreter’d rey was the commencement of title.
clabriant assignee of a eettier, the pre-emptxve^ jost.
By the law of December, 1815, the exclusive right was extended to the actual settler, until the first day of September then next ensuing, for a quantity not less than 50, nor more than 200 acres, including the improvement: and persons desirous of acquiring lands under the provisions thereof, were required to pursue the same rules and regulaV tions as were prescribed in the former act. Under these acts, the survey was to be considered as the commencement of title; and surveyors were required to pay strict regard to the order of applications to survey.
The appellant claims under a survey executed on the 27th of August, 1816, by virtue of a warrant, No. 922, procured under the law of January, 1815: and the appel-lee derives her right under a survey made on the 30th of August, 1816, for herself as assignee of John Monroe for 50 acres, by virtue of a warrant, No. 967.
It is proper, in the first place, that we should examine the claim of the appellee, as she was the plaintiff in the court below; for she must rely on the strength of her ows right,, and not upon the weaknesss of her adversary’s,
By law, the first actual settler was certainly intended to be preferred. But for the purpose of establishing the fact °f such settlement, the law required a certificate from the circuit or county court thereof, which was to be lodged with the register. _ It is not necessary,- however, in this case, to determine whether, in the general, evidence of the procurement of the certificate ought to be adduced, in order to shew that the case comes within the provision of the law; because, as the plaintiff claims as the assignee of another person, we cannot suppose that any preference or pre-emp-tive privilege to which by-law she might have been entitled, ccm]d, as the assignee of.another, be imputed to that claim., s0 as to give it superiority to another of prior date and superior right. We are, therefore, of opinion, that the judgment of the court below is incorrect, and must be reversed wjth cost; and the cause remanded, that a judgment may be entered conformably to this opinion.